IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT SIMMONS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-10-1017 |
| | : | Criminal No. CCB-07-0334 |
| UNITED STATES OF AMERICA | : | |

...o0o...

# MEMORANDUM

Federal prison inmate Robert Simmons, now serving a 180-month sentence under the Armed Career Criminal statute, 18 U.S.C. § 924(e), following his plea of guilty to a charge of unlawful possession of a firearm in violation of 18 U.S.C. §922(g), has filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. The issues have been fully briefed, and the motion will be denied.

Simmons raises two related claims: (1) that his guilty plea was not knowing and voluntary because (2) he received ineffective assistance when counsel Gary Ticknor advised him to plead guilty. Neither claim has merit.

First, the claim that his plea was not knowing and voluntary has been procedurally defaulted by his failure to raise it on direct appeal. *See Bousley v. U.S.*, 523 U.S. 614, 621 (1998). Instead, on direct appeal Simmons challenged the validity of the traffic stop that led to finding him in possession of a firearm. Mr. Ticknor, who was not Simmons's counsel at the time of the suppression hearing,[1] vigorously litigated the issue on appeal, after preserving the right to appeal as part of the plea agreement. Gov't. Mem, Ex. 1- 3. The Fourth Circuit upheld this court's denial of the suppression motion and affirmed Simmons's conviction and sentence. 2009 WL 3775153 (4th Cir. Nov. 12, 2009). No challenge was made to the validity of the plea, nor for the reasons stated below, can Simmons show cause or prejudice for his failure to raise the

---

[1] Simmons was then represented by Assistant Federal Public Defenders from this District.

1

issue on direct appeal. *Bousley*, 523 U.S. at 621-22.

Second, Simmons's principal argument in this § 2255 motion is that counsel was ineffective for advising him to plead guilty rather than proceeding to jury trial, where Simmons apparently believes he could have presented to the jury testimony and evidence relevant to the validity of the traffic stop. He is not correct; the validity of the stop under *Whren v. U.S.*, 517 U.S. 806 (1996) was determined by the court and is not a matter for the jury; nor would alleged inconsistencies in officers' testimony or the result of the state court suppression hearing likely have been admissible at Simmons's trial. In summary, for the reasons stated in Mr. Ticknor's affidavit, the truthfulness of which is not challenged by Simmons, counsel's representation was well within the standards of competence and professionalism required by the law. Nor is there any prejudice: under the circumstances, there is no reasonable probability that a competently-advised defendant would not have pleaded guilty rather than going to trial.[2] *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, Simmons's motion will be denied.[3]

Finally, Simmons has shown no basis for issuance of a certificate of appealability under 28 U.S.C. § 2253(c)(2).

A separate Order follows.

October 7, 2010            /s/
Date            Catherine C. Blake
           United States District Judge

---

[2] This is particularly true given that Mr. Ticknor secured for Simmons both a reduction in the sentencing guidelines for acceptance of responsibility and the right to litigate the suppression ruling on appeal.

[3] The motion for extension to obtain grand jury transcripts also will be denied, as there has been no showing of how the transcripts might support Simmons's claim.